[In Bank. — February 15, 1883.]

THE PEOPLE, RESPONDENTS, v. JOSE DE LA COUR
SOTO, APPELLANT.

MURDER — INFORMATION. — An information for murder is sufficient if it charges the
     offense committed in the language of the statute defining it; and under such an
     information the defendant may be convicted of murder in any degree.

ID. — INSTRUCTIONS— GOOD CHARACTER— The court instructed the jury with refer-
     ence to the evidence of good character that "such evidence is to be considered and
     applied by the jury in the case in this way: as a circumstance tending to throw
     some light upon the principal question involved.   Did or did not the defendant
     fire this shot? Did or did not he commit this offense?"   Held, not error.

ID.—INSTRUCTIONS—DRUNKENNESS.—The court also instructed the jury that evidence of drunkenness of the defendant at the time of the alleged crime "can only be considered by the jury for the purpose of determining the degree of the crime." *Held*, not error.

APPEAL from a judgment of conviction, and from an order denying a new trial in the Superior Court of the county of Santa Clara. BELDEN, J.

The facts are stated in the opinion of the court.

*L. Quint*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondents.

Ross, J.—The point chiefly argued for the defendant is that, under the information against him, he could not be legally convicted of murder of the first degree. The information is in the language of the statute defining murder, which is: "Murder is the unlawful killing of a human being with malice aforethought." (Pen. Code, § 187.) Murder, thus defined, includes murder in the first degree and murder in the second degree.

It has many times been decided by this court that it is sufficient to charge the offense committed in the language of the statute defining it. As the offense charged in this case included both degrees of murder, the defendant could be legally convicted of either degree warranted by the evidence.

The point is made for defendant that the charge of the court below is erroneous in that it did not define the crime of manslaughter, and instruct the jury that under the information defendant might be convicted of that crime. It is a sufficient answer to this to say that the record does not contain the evidence, and hence it does not appear that a case was made that called for or would have justified such an instruction.

It is contended that the charge of the court below in respect to the good character of the defendant was erroneous, as also that in respect to the defendant's drunkenness. In neither respect do we think any substantial error was committed.

Judgment and order affirmed.

MCKINSTRY, J., THORNTON, J., MYRICK, J., SHARPSTEIN, J., and MCKEE, J., concurred.