[Crim. No. 221.    In Bank.—March 16, 1897.]

## THE PEOPLE, RESPONDENT, *v.* HARRY L. COYNE, APPELLANT.

CRIMINAL LAW—TRIAL—SEPARATION OF JURY—DISCRETION OF COURT—
FAILURE TO ADMONISH JURORS—TECHNICAL ERROR.—It is in the dis-
cretion of the court, upon the trial of a criminal charge, to allow the
jurors, after their selection, and before the reception of evidence, to
separate during the noon recess, and though the court cannot be
too careful in strictly complying with the statute by admonishing the
jury as to their duty during the hours of separation, and a failure to do
so is an objectionable practice, yet where such failure occurred only on
the occasion of such a separation prior to the introduction of evidence,
the error is technical, and not of sufficient importance to demand the
reversal of a judgment of conviction and the granting of a new trial.

ID.—FELONIOUS INJURY OF DWELLING BY EXPLOSION OF GUNPOWDER—
INFORMATION—OWNERSHIP OF PROPERTY INJURED—TITLE IN WIFE—
POSSESSION OF HUSBAND—SUPPORT OF ALLEGATION.—Under a charge
of feloniously injuring the building of one T. D. Stimpson by explosion
of gunpowder and other explosive substances, by means of which the
lives and safety of the said T. D. Stimpson and other human beings were
in danger, where it appeared from the trial that the legal title to the
property stood in the name of Mrs. T. D. Stimpson, his wife, but that
T. D. Stimpson paid all taxes thereon, and was residing with his wife and
family in the building when the offense was committed, his possession
of the premises is sufficient, under the circumstances, to support the al-
legation as to ownership.

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order denying a new
trial.    B. N. SMITH, Judge.

The defendant was accused of feloniously injuring
the building of one T. D. Stimpson by explosion of gun-
powder and other explosive substances, by means of
which the lives and safety of said T. D. Stimpson and
other human beings were in danger.    Further facts are
stated in the opinion of the court.

*Byron L. Oliver*, for Appellant.

The neglect of the court to admonish the jury as to
their duty not to converse with any one on any subject
connected with the trial, or express or form any opinion
thereon until the case should be finally submitted to

them, was reversible error. (*McLain* v. *State,* 101 Yerg. 241; 31 Am. Dec. 573; 1 Chitty's Criminal Law, 634; *People* v. *Thompson,* 84 Cal. 598; *People* v. *Brannigan,* 21 Cal. 338; *Riley* v. *State,* 9 Humph. 654; *McCann* v. *State,* 9 Smedes & M. 465; *People* v. *Mulkins,* 18 Kan. 16; *State* v. *Snyder,* 20 Kan. 308; *State* v. *Lantz,* 23 Kan. 730; 33 Am. Rep. 215; *State* v. *Stockhouse,* 24 Kan. 445; *State* v. *McKinney,* 31 Kan. 571; *State* v. *Hendricks,* 32 Kan. 559.) The variance between the allegation of the information as to the ownership of the building and the proof was fatal. (*People* v. *Christian,* 101 Cal. 471; *People* v. *Arras,* 89 Cal. 223; *People* v. *Oreileus,* 79 Cal. 178; *People* v. *Allen,* 61 Cal. 140; *People* v. *Hughes,* 41 Cal. 234; *People* v. *McNealy,* 17 Cal. 333; *Moynahan* v. *People,* 3 Colo. 367.)

*Attorney General W. F. Fitzgerald,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

The failure of the court to admonish the jury upon separating was not such an error as would warrant the reversal of the judgment, as it was not shown to have prejudiced the defendant. (12 Am. & Eng. Ency. of Law, 373; *People* v. *Murray,* 85 Cal. 351; *State* v. *Anderson,* 4 Nev. 266; *Flanegan* v. *State,* 64 Ga. 52; *Hunter* v. *State,* 43 Ga. 484; *People* v. *Goldenson,* 76 Cal. 328.) The variance between the information and proof as to ownership of the building was immaterial. (Pen. Code, sec. 956; *People* v. *Anderson,* 80 Cal. 205; *People* v. *Watson,* 72 Cal. 403; *People* v. *Hughes,* 41 Cal. 237; *People* v. *Potter,* 35 Cal. 110; *People* v. *Bitancourt,* 74 Cal. 188; *People* v. *Ribolsi,* 89 Cal. 496; *People* v. *Handley,* 100 Cal. 370; *State* v. *Cunningham,* 21 Iowa, 433; *Dignowitty* v. *State,* 17 Tex. 521, 67 Am. Dec. 670; 12 Am. & Eng. Ency. of Law, 765.)

Garoutte, J.—Defendant was convicted of a felony, and prosecutes this appeal from the judgment and order denying a motion for a new trial.

1. The jury were selected to try the defendant at the

morning session of court, and an adjournment was then taken until 2 o'clock P. M. of the same day, at which time the introduction of evidence was begun. During the time of adjournment the jurors were not in the custody of the officer, neither had they been admonished by the court upon their duty, as demanded by section 1122 of the Penal Code. Complaint is now made that the course practiced at the trial constituted substantial and material error. The fact that the jurors separated during this period of time furnishes no ground for complaint; for section 1121 of the Penal Code leaves that matter to the discretion of the court. But a failure of the court to admonish the jurors as to their duty during the hours of separation is certainly an objectionable practice, and not countenanced by the statute. It seems that such omission upon the part of the court occurred but once during the progress of the trial, and at such time the introduction of evidence had not commenced. In the trial of criminal cases the court cannot be too careful in planting itself firmly upon the statute, and a strict compliance with its provisions is always time and labor well spent. But the error in this regard is technical, and not of that importance to demand a reversal of the judgment and a new trial.

2. The information charges the building injured to be the property of T. D. Stimpson. Upon the trial it was developed that the legal title to the property stood in the name of Mrs. T. D. Stimpson (the wife). It appeared that T. D. Stimpson paid the taxes upon the property, and was residing with his wife and other members of the family in the building at the time the offense is charged to have been committed. Under such circumstances his possession of the premises was entirely sufficient to support the allegation of the information as to ownership.

There is no merit in the remaining assignment of errors.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., Van Fleet, J., and McFarland, J., concurred.

Henshaw, J., dissented.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.