[Crim. No. 1522. Second Appellate District, Division One.—October 15, 1927.]

THE PEOPLE, Respondent, v. RAY OLDS, Appellant.

A. S. Maloney for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of sex perversion as defined and denounced in section 288a of the Penal Code.

The first point presented by appellant for a reversal of the judgment is that, because the principal witness for the prosecution was an accomplice of defendant, a conviction could not have been had on testimony of such accomplice unless it was corroborated by such other evidence as tended to connect the defendant with the commission of the offense. (Sec. 1111, Pen. Code.) But assuming (without deciding) that in the circumstances of this case, as shown by the evidence, the principal witness was an accomplice of defendant, it clearly appears that the testimony given by such witness was fully corroborated by three eye-witnesses to the com-

mission of the offense. If, as claimed by appellant, the testimony given by such corroborating witnesses is unbelievable, it is well established that the credibility to be attached to such evidence was a matter which lay exclusively within the province of the jury; and, hence, the question as to whether such witnesses were truthful in their several statements is one which may not be decided by this court.

Appellant also contends that the record fails to show that at each of the several recesses or adjournments of the court the jury was admonished in accordance with the provisions of section 1122 of the Penal Code. With reference thereto, it is admitted that the record does show that the jury was "admonished"; but the specific complaint of appellant is that the record is silent as to the *form* of such admonition.

In the case of *People v. Ye Foo*, 4 Cal. App. 730, 738 [89 Pac. 450, 452], a question along similar lines was suggested by the appellant. The court said: "The record fails to show that the court admonished the jury at each adjournment, as required by section 1122 of the Penal Code, not to converse among themselves, nor with anyone else, on any subject connected with the trial, or to form or express any opinion thereon until the cause is finally submitted. In the absence of a showing to the contrary we will presume *that the court did its duty, and gave the proper admonition at each adjournment.*"

In *People v. McKeehan*, 11 Cal. App. 443, 447 [105 Pac. 273], the following language of the court appears: "The failure of the court to admonish the jury under section 1122 of the Penal Code is not necessarily reversible error. While the section should have been, and always ought to be, strictly complied with, yet if no injury appears to have resulted from an omission to do so, prejudice will not be presumed. (Citing cases.) In the case at bar the error complained of was the failure to give the language of the section in full at two adjournments. It does not appear that it was not given at other adjournments, or that there were no other adjournments at which it may be presumed it was given." (See, also, *People v. Witt,* 170 Cal. 104, 108 [148 Pac. 928]; *People v. Coyne,* 116 Cal. 295, 297 [48 Pac. 218]; *People v. Thompson,* 84 Cal. 598, 606 [24 Pac. 384].)

In view of the rulings in the several cases to which reference has just been had, and the fact that no injury was shown to have resulted from the "admonition" admittedly given by the court in the instant case, it must be concluded that the point urged by appellant is not well taken.

Finally, appellant specifies error in that no instruction was given by the court to the jury pertaining to the definition of one who is an accomplice, and especially the necessity of corroboration of the testimony of an accomplice.

While under the provisions of sections 1093 and 1127 of the Penal Code, "if requested by either party," it became and was the duty of the court to charge the jury on the points of law pertinent to the issues and which were necessary for the information of the jury, nevertheless in the instant case it should be noted that defendant made no request of the court that it instruct the jury in accordance with the law generally, or as particularly provided in section 1111 of the Penal Code, which relates to the definition of an accomplice and the corroboratory evidence necessary to support a conviction. In such circumstances appellant is in no position to complain. (*People* v. *Hettick*, 126 Cal. 425, 429 [58 Pac. 918]; *People* v. *Baker*, 64 Cal. App. 336, 343 [221 Pac. 664]; *People* v. *Vukojevich*, 25 Cal. App. 459, 464 [143 Pac. 1058].)

It is ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.