[Crim. No. 4894.   Second Dist., Div. One.   May 25, 1953.]

THE PEOPLE, Respondent, v. ROBERT SAMUEL YOUNG, Appellant.

William Herbert Hall for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was accused by information with rape and the violation of section 288 of the Penal Code. In count I the alleged victim was Glenda Wroten; in counts II and III, Margaret House. Following the testimony of Glenda Wroten count I was dismissed on motion of the district attorney. Defendant was adjudged guilty by the jury on counts II and III.

It is contended on appeal that "The court erred in failing to instruct the jury upon the defense raised by the evidence introduced by defendant pertaining to his alibi."; and that

"The District Attorney committed prejudicial error by introducing evidence on Count One."

Appellant failed to request an instruction on the so-called alibi defense at the trial. In the circumstances revealed by the record it is too late to raise such a question for the first time on appeal. (*People* v. *Whitson*, 25 Cal.2d 593 [154 P.2d 867].)

In connection with appellant's second contention, it is argued that, "It should be here pointed out that no place in the trial transcript is it evident that the court undertook to instruct the jury to disregard the testimony of the witness Glenda Wroten. On the contrary, the record reflects that, although the count was dismissed, *the jury received no instruction concerning the testimony of the witness.* Though the error might have been cured by the Trial Judge, it was not. It thus becomes clear that the jury could not but have gained the impression that counsel for the People and the Court were both of the belief that convictions should be had on counts II and III of the information." (Emphasis included.)

This issue too is raised for the first time on appeal. Respondent's reply, which is supported by the record, is as follows:

"The appellant here made no objection to the statements of the Deputy District Attorney or the Judge; he did not move to strike the testimony of Glenda Wroten; nor did he ask the court to instruct the jury to disregard either the remarks or the testimony. In the absence of such objection, motion and request, he cannot for the first time on appeal argue that he was prejudiced by the failure of the court to instruct the jury to disregard the remarks and the testimony, as any prejudicial effect thereof could have been removed by an admonition of the court. . . .

"Further, we submit that the jury could not have gained the impression from the remarks of the Deputy District Attorney and the Judge that they both believed that convictions should be had on counts II and III. The remarks were directed to count I only, and the Deputy District Attorney of that count said that it was his opinion that there was not enough evidence to justify or sustain a conviction, and asked for a dismissal of that count. The court merely agreed, saying that he believed that there would have to be further evidence to sustain a conviction and warrant submitting the

114

matter to the jury. Surely the jury could only have received the impression from the statements that it was up to them to decide whether a conviction should be had or not, on any count, but that as to count I there was no evidence upon which they could find him guilty."

The judgment and order are affirmed.

White, P. J., concurred.