[Crim No. 2553.   Third Dist.   Oct. 29, 1954.]

THE PEOPLE, Respondent, v. DONALD WILLIAMS, Appellant.

Donald Williams, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Frederick G. Girard, Deputy Attorneys General, for Respondent.

WARNE, J. pro tem.*—Appellant was convicted of the crime of burglary in the second degree. He appeals from the judgment of conviction.

At approximately 1 a. m. on January 22, 1954, a Modesto city police officer observed that a window had been broken in a Modesto market. The officer stopped his car and investigated. The lock on the rear door of the store had been broken and a Chevrolet club coupé was parked near the door. It was loaded with boxes containing merchandise taken from the store. A box of goods was sitting on the ground at the side of the car; and two boxes had been filled and were sitting in the back room of the store. A box of gloves had been tipped over and was lying on the floor of the store. Approximately 100 pennies had been taken from the cash register.

There was no registration slip in the car, but a sales slip showed that the car had been purchased by "Willie Balestreri," 1005 M Street, Modesto.

A stake-out was placed in an alley where an officer could keep the residence at that address under surveillance. At approximately 3:30 a. m. the officer noticed a man in light

*Assigned by Chairman of Judicial Council.

clothing walking down the alley toward the M Street residence. Car headlights appeared and the man ducked behind a telephone pole. When the car had passed, the man hesitated in the alley for a second or two and then turned around and proceeded away from M Street toward N Street. The officer immediately radioed to the police station and requested patrol cars to close in on the alley. A search of the area was commenced, resulting in appellant's being apprehended on N Street approximately one block from the alley where the officer was on stake-out duty. No one else was observed in the area. When first questioned appellant stated his name was Willie Balestreri, but subsequently, when another officer arrived who recognized him, admitted he was Donald Williams. A pair of gloves was under appellant's belt. These gloves were identified as the same type which were in the box found on the floor of the market where the burglary occurred. Appellant was also in possession of approximately 80 pennies.

Donald Bowman took the stand and testified that he and appellant had agreed that they were going to break into some place; that they had broken into the market, filled up boxes with merchandise and then put them into appellant's car; that he and appellant had taken some gloves and put them on to prevent fingerprints; that during the burglary the patrol car arrived and they "took off"; that he walked and ran to his home approximately one mile from the market and that appellant was there when he arrived; that appellant had worn a pair of his dark Levis during the burglary to prevent detection and that he had then changed to his own light khakis; that appellant took some pennies from the Levis and put them in his khakis and that appellant then departed for his home. Defendant told conflicting stories as to how he had gotten the pennies. Appellant's wife testified that appellant was with her during the period of time in question.

Appellant first contends that the evidence is insufficient to support the verdict and that the testimony of the alleged accomplice was not corroborated, as required by section 1111 of the Penal Code. The testimony of Bowman was corroborated by other evidence tending to connect appellant with the commission of the offense. It also shows more than a mere commission of the offense or the circumstances thereof.

The rule as to corroborating evidence has been well defined by this court in the case of *People* v. *Griffin,* 98 Cal. App.2d 1, 24-26 [219 P.2d 519]:

"It is not necessary that the corroborative evidence prove independently either that the defendant is guilty of the offense or that he is guilty beyond a reasonable doubt. . . .

"Sufficient corroboration may be furnished by the defendant's own testimony. . . .

"The entire conduct of the parties, their relationship, acts, and conduct during and after the crime, may be taken into consideration by the jury. . . .

"If the corroboration is inculpatory it is not essential that it extend to all of the elements of the offense, nor to every fact and detail included in the testimony of the accomplices. . . .

"Conversely, such evidence is sufficient if it tends in some slight degree, at least, to implicate the defendant. It need not be strong. . . .

. . . . . . . . . . . . .

"It is sufficient, even though circumstantial and slight, if the connection of the defendant with the alleged crime may be reasonably inferred from the corroborative evidence." (See also *People* v. *Henderson,* 34 Cal.2d 340, 342-343 [209 P.2d 785]; *People* v. *Santo,* 43 Cal.2d 319, 327 [273 P.2d 249].)

In *People* v. *Melson,* 84 Cal.App. 10 [257 P. 555], the court stated at page 16:

". . . In the case at bar, we are not called upon to hold that the corroborating evidence referred to is sufficient to sustain a conviction. All that is necessary in this case is to find that there is sufficient testimony in the record which tends to connect the defendant with the commission of the crime charged."

Such evidence is adequately supplied herein by the testimony that appellant's automobile loaded with stolen goods was found at the scene of the burglary; by his subsequent attempt to avoid detection; by the giving of an assumed name when first apprehended; by the possession of the stolen gloves and the 80 pennies found on his person; together with his prior inconsistent statements. When the testimony of the accomplice is considered, along with the evidence of corroboration outlined above, any contention as to its insufficiency is totally without merit. (Pen. Code, § 1111; *People* v. *Barber,* 112 Cal.App.2d 333 [246 P.2d 99]; *People* v. *Grimes,* 113 Cal.App.2d 365 [248 P.2d 130]; *People* v. *Taylor,* 4 Cal.2d 495 [50 P.2d 796]; *People* v. *Wester,* 110

Cal.App.2d 650 [243 P.2d 56]; *People* v. *Monteverde,* 111 Cal.App.2d 156 [244 P.2d 447]; *People* v. *Jordan,* 115 Cal. App.2d 452 [252 P.2d 328].)

The affidavits submitted on this appeal by appellant to support his contention that Bowman's testimony was false cannot be considered on this appeal. (*People* v. *Cowan,* 38 Cal.App.2d 144 [100 P.2d 1079]; *People* v. *Carmen,* 43 Cal. 2d 342 [273 P.2d 521]; *People* v. *Mooney,* 176 Cal. 105 [167 P. 696]; Code Civ. Proc., § 956a.)

Appellant claims that the deputy district attorney made several statements during the course of the trial by which he was prejudicially injured. However, he did not question the comments when made, nor did he move to have them stricken from the record, nor did he cite the statements as prejudicial conduct, nor did he request the court to admonish the jury to disregard the remarks. Such being the state of the record, he cannot raise the issue on appeal. (*People* v. *McDonald,* 167 Cal. 545, 551 [140 P. 256]; *People* v. *Crawford,* 105 Cal.App.2d 530, 540 [234 P.2d 181]; *People* v. *Codina,* 30 Cal.2d 356 [181 P.2d 881]; *People* v. *Avery,* 35 Cal.2d 487 [218 P.2d 527, 21 A.L.R.2d 639]; *People* v. *King,* 13 Cal.2d 521, 527 [90 P.2d 291]; *People* v. *Simon,* 107 Cal.App.2d 105 [236 P.2d 855].)

Appellant contends that the court committed prejudicial error in giving an instruction which he offered. The instruction does not indicate that appellant's testimony must be corroborated to be given weight, as appellant claims, but states that if it is corroborated that fact may be taken into consideration by the jury. Appellant could not complain here of an instruction given at his own request, even though the court had committed error in giving said instruction. (*People* v. *Weston,* 169 Cal. 393, 398 [146 P. 871]; *People* v. *Raffington,* 98 Cal.App.2d 455, 462 [220 P.2d 967]; *People* v. *Rubio,* 75 Cal.App.2d 697, 710 [171 P.2d 737]; 4 Cal.Jur.2d, § 557, p. 423.)

Appellant also assigns as error the fact that the court refused to give a specific instruction concerning the weight to be given the possession of money of the same kind as that which was recently stolen, to prove the guilt of the person in whose possession it is found, if the money of the same kind is in general circulation. We find no merit in appellant's contention. The jury were fully instructed concerning the weight to be given the evidence in the case.

Appellant also assigns as error the court's failure to fully

admonish the jury at each recess and adjournment, as required by section 1122 of the Penal Code.

Appellant did not request the inclusion in the record of proceedings on the *voir dire* examination of the jurors; therefore, *that part of the proceedings is not before us.* (Rule 33(b)(2), Rules on Appeal.)

The record in this case shows that three short recesses were taken by the court, and that the court adjourned on four occasions. On three of the adjournments the court admonished the jury against discussing the case or forming or expressing an opinion, as provided by section 1122 of the Penal Code, and in the other to "remember the admonition of the court heretofore given." On one of the recesses the jury was admonished against discussing the case or forming or expressing an opinion, in another the record states that the "court admonished the jury" and at the final recess just before the submission of the case to the jury they were told to remember admonitions previously given. From the statements of the court above mentioned, it is a reasonable inference that the jury was fully admonished during the proceedings on the *voir dire* examination of the jurors. However, even if it be assumed that the court had not strictly complied with section 1122, appellant has not shown that any prejudice resulted therefrom and consequently the error would not justify a reversal. (*People* v. *Witt,* 170 Cal. 104, 109 [148 P. 928]; *People* v. *Olds,* 86 Cal.App. 130, 132 [260 P. 321]; *People* v. *Coyne,* 116 Cal. 295, 297 [48 P. 218].)

Appellant next contends that the court erred by not instructing on its own motion as to the defense of alibi. "The rule in California is well established that, although substantial alibi evidence may be given by the defense, in the absence of any request for an instruction in respect thereof, it is not the duty of the trial court to give a specific charge upon that subject." (*People* v. *Dunlop,* 79 Cal.App.2d 207, 210 [179 P.2d 658]. See also *People* v. *Whitson,* 25 Cal.2d 593, 603-604 [154 P.2d 867]; *People* v. *Edwards,* 81 Cal.App.2d 655, 658-659 [185 P.2d 74]; *People* v. *Young,* 118 Cal.App.2d 112 [257 P.2d 77]; *People* v. *Jackson,* 70 Cal.App.2d 763, 767-768 [161 P.2d 809].)

There is no merit whatsoever in appellant's contention that he was prohibited from calling witnesses by any statement of the trial court. Nor is there any merit that appellant's rights were not adequately protected by the court-appointed counsel.

There is no support in the record for appellant's charge

that his counsel falsely led him to believe that 11 jurors would be just as efficient as 12 and persuaded him to continue the trial with 11 jurors after one became ill and was excused from duty. The record shows the following:

"MR. DUNFORD: Your Honor, it has come to the attention of the clerk, who pointed out to me, there is a 12th juror missing today who is ill, apparently will be ill for an extended period. In view of the fact we have come this far in the trial we would propose a stipulation, with the consent of the District Attorney, that the trial continue with 11 jurors. I believe the defendant is prepared to waive his right to a jury of 12. Is that correct?

"DEFENDANT WILLIAMS: Yes, it is.

"MR. GORGAS: We are prepared to so stipulate.

"THE COURT: You got that in the record?

"REPORTER: Yes.

"THE COURT: In that case we shall proceed."

Although section 1123 of the Penal Code provides that the court shall discharge the jury if during the course of the trial a juror becomes ill or otherwise unable to perform his duty, and there is no alternate juror, this provision may be waived. (*People* v. *Clark*, 24 Cal.App.2d 302 [74 P.2d 1070] (hearing denied), certiorari denied, 304 U.S. 574 [58 S.Ct. 1049, 82 L.Ed. 1538].)

In the Clark case, *supra*, appellant appealed from a denial of a motion to vacate a judgment. The court was faced with a factual situation identical to the instant case. The court held that pursuant to article I, section 7, of the California Constitution, a defendant could consent to a trial by 11 jurors and that the court had jurisdiction to pronounce judgment on such a jury's verdict. (See also *Patton* v. *United States*, 281 U.S. 276 [50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263].)

The judgment is fully supported by the evidence.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.