[Crim. No. 3117.  First Dist., Div. One.  Oct. 10, 1955.]

THE PEOPLE, Respondent, v. VERNON LE BEAU, Appellant.

Vernon Le Beau, in pro. per., and George W. Hauer, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and William M. Bennett, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted of selling and furnishing heroin in violation of section 11500, Health and Safety Code, defendant predicates his claim for reversal,* in part, upon the failure of the trial court to give on its own motion an instruction on the defense of an alibi. But he presented no evidence of an alibi for the date of the crime, February 6, 1952. Although he denied having made the sale, or any sale of narcotics at any time, he was unable to remember where he was on February 6th. He could not recall any of his activities on that day. There was, therefore, no basis in the evidence for an instruction on alibi. ■ Moreover, "the rule in California is well established that, although substantial alibi evidence may be given by the defense, in the absence of any request for an instruction in respect thereof, it is not the duty of the trial court to give a specific charge upon that subject." (*People* v. *Whitson*, 25 Cal.2d 593, 603 [154 P.2d 867]. See also *People* v. *Young*, 118 Cal.App.2d 112, 113 [257 P.2d 77]; *People* v. *Williams*, 128 Cal.App.2d 458, 464 [275 P.2d 513]; and cases cited in each.)

---

*In *Le Beau* v. *Superior Court*, Supreme Court No. S.F. 19063, which originally was District Court of Appeal, 1 Civ. No. 16172, Div. 1 (see 42 A.C. No. 19, Min. p. 1; and 123 A.C.A. No. 5, Min. p. 1), the referee appointed by the Supreme Court to determine whether or not Le Beau delivered a notice of appeal to any of the officials, deputies or officers at the Alameda County jail within the time allowed by law, found and reported that on November 30, 1952 (within four days after judgment rendered), Le Beau delivered to a certain deputy sheriff then on duty "a single piece of paper on which he . . . had written in substance the following: 'I hereby appeal from the judgment of conviction against me' " and that he "signed his name thereto."

The respondent superior court thereafter caused to be prepared and filed the record upon appeal in the instant proceeding (1 D.C.A., Crim. No. 3117), whereupon the Supreme Court dismissed the mandamus proceeding, S.F. No. 19063, as moot. (44 A.C. No. 5, Min. p. 1.)

Of the proceedings in District Court of Appeal, 1 Civ. No. 16172, Div. 1, and in Supreme Court, S.F. No. 19063, we take judicial notice. (*Collins* v. *City & County of San Francisco*, 112 Cal.App.2d 719, 725 [247 P.2d 362]; *Corum* v. *Hartford Acc. & Indem. Co.*, 67 Cal.App.2d 891, 893-894 [155 P.2d 710].)

Under the circumstances indicated, the fact that Le Beau's notice of appeal was not received by the trial court, did not void his appeal. (*People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868].)

■ Defendant also claims error in the failure of the trial court to instruct the jury regarding the evidence identifying defendant as the perpetrator of the crime. He is not specific concerning the precise nature of the instruction which he now claims should have been given and which at the trial he failed to mention or request. He does assert that the identification of him was weak, but our reading of the record indicates that the officer's identification of defendant as the person who supplied him with the narcotic was definite and positive. We observe also that the jury was fully and fairly instructed on the applicable principles of law. Under the circumstances we do not consider this point well taken. (See *People* v. *DeHoog,* 100 Cal.App. 235, 242 [279 P. 1067]; *People* v. *McGoldrick,* 107 Cal.App.2d 171, 173-174 [236 P.2d 597]; *People* v. *Beal,* 108 Cal.App.2d 200, 206 [239 P.2d 84]; *People* v. *Kendall,* 111 Cal.App.2d 204, 216 [244 P.2d 418].)

■ Finally, defendant assigns as prejudicial misconduct two statements made by the district attorney in his closing argument to the jury. One of these statements was: "There shouldn't be any doubt that the defendant is guilty. Of course the District Attorney's Office has a duty and the duty is to protect the innocent and convict the guilty. Here I am." Defendant contends this is a statement by the prosecuting attorney "not based upon legitimate inferences from the evidence, to the effect that he has personal knowledge of the defendant's guilt and that he would not conduct the prosecution unless he believed the defendant to be guilty . . ." and as such constituted "misconduct." (*People* v. *Kirkes,* 39 Cal.2d 719, 723 [249 P.2d 1].) The statement in the present case falls considerably short of that proscribed in the Kirkes case, especially when viewed in its context. Not many sentences preceding the quoted passage he reemphasized the fact that it is the function of counsel in their arguments "to draw inferences from facts that have been presented to you by the respective witnesses that took the witness stand," having in his opening argument more elaborately described that function. We entertain no doubt that the jury understood the questioned statement as mere argument based upon the evidence in the case, not a statement that the prosecutor had personal knowledge of the defendant's guilt.

■ In the other questioned statement the prosecutor made a certain comment concerning a "little black book" which apparently lay upon the counsel table, a book containing notes

which he had made of decisions in narcotics cases.* Defendant complains that this portion of the statement was unfair and prejudicial ''in that it goes into a matter not in evidence, and clearly infers that because of his personal experience and integrity that he cannot be mistaken in his belief of the defendant's guilt.'' We are not persuaded. The prosecution was obviously responding to something defendant's counsel had said. An examination of the record bears that out. Defendant's counsel in his argument had referred to the prosecutor's book disparagingly as one which contained only law and not facts and yet one which the prosecutor relied upon but which would not avail him here, this being a facts case. We see in this exchange of remarks between counsel nothing that could have prejudiced defendant's case.

Moreover, neither of the questioned statements was of such a character that its adverse effect, if any, could not have been obviated by appropriate admonition of the jury. Defendant having failed to bring the matter to the attention of the court at the time is not in a position to complain upon appeal. (*People* v. *Byrd,* 42 Cal.2d 200, 208 [266 P.2d 505].)

The judgment appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied October 25, 1955.

---

*The portion to which defendant now particularly objects reads as follows: ''Of course, I was characterized as Yours Truly once there, referring to my book. That is classified as the Little Black Book. He wants an explanation; that is the research of approximately ten years of cases of Yours Truly as read (indicating notebook on counsel table), and I can tell you after your experience here, you can open that book and if you don't find actual situations I will burn it, because it will show in there what a violation of Section 11500 is and the factual situations of all cases that I have read in the last ten years. There is a lot of them so that just doesn't include law; that includes facts as well. I just want to put him straight on that. He hasn't had an opportunity to read it. Maybe some day he will. There are plenty of facts in that little book.''