[Crim. No. 3459.   First Dist., Div. Two.   Jan. 22, 1959.]

## THE PEOPLE, Respondent, v. ARMANDO RAUL CONTRERAS, Appellant.

Daniel Haley, under appointment by the District Court of Appeals, and Haley & Rockefeller for Appellant.

Edmund G. Brown and Stanley Mosk, Attorneys General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—A jury found defendant guilty of selling heroin in violation of Health and Safety Code, section 11500. He appeals from the judgment of conviction, claiming that the trial court erred in failing to give an instruction on circumstantial evidence and an instruction on reasonable doubt.

The facts, which are not in dispute, are as follows: On Sunday, July 21, 1957, Officers Juarez and Lopez of the San Jose Police Department, were instructed to go to Post Street and purchase narcotics from anyone who would sell to them. They were given $20 in marked bills to use. The officers saw the defendant in front of Rusty's café on Post Street. Defendant asked Officer Juarez if he was going "to connect." Juarez answered that he wanted to buy heroin. Defendar´ said a man by the name of Tommy would be around later. Juarez gave the defendant $10. Later the defendant returned with a small rubber balloon. Defendant handed the balloon and a $5.00 bill to Officer Juarez. Upon examination a gelatin capsule inside the balloon was found to contain one gram of heroin.

The first question is whether the trial court erred in failing to give the following instruction proffered by the defendant.

"If the evidence of this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the Defendant and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the Defendant's innocence, and reject that which points to his guilt."

Defendant, citing *People* v. *Yrigoyen*, 45 Cal.2d 46 [286 P.2d 1]; *People* v. *Zerillo*, 36 Cal.2d 222 [223 P.2d 223]; *People* v. *Bender*, 27 Cal.2d 164 [163 P.2d 8], relies on the well established rule that when circumstantial evidence is received to prove a fact necessary to convict, the trial court, should, on its own motion, give an instruction concerning circumstantial evidence. The record discloses that the evidence produced by the People was all direct evidence not circumstantial. Hence, the failure to give the instruction was not error.

Also, the fact that instructions on circumstantial evidence were not given is prejudicial only when it is improbable that the jury would have reached the same result had the

instruction been given. (*People* v. *Goldstein,* 139 Cal.App.2d 146 [293 P.2d 495]; *People* v. *Bardin,* 148 Cal.App.2d 776 [307 P.2d 384]; *People* v. *Candiotto,* 128 Cal.App.2d 347 [275 P.2d 500].) In all the cases cited by the defendant, there was conflicting evidence or some facts or circumstances inconsistent with guilt. The same is not true of the instant case. The circumstances relied upon by the prosecution point to defendant as a person who knew what he was selling and wilfully did so. We can only conclude that under the circumstances of this case the failure to give the requested instruction on circumstantial evidence did not result in a verdict different from that which would have been rendered had the instruction been given.

Defendant next complains of the following instruction:

"If you find there is any single fact proved to your satisfaction by a preponderance of the evidence, which said fact is inconsistent with the defendant's guilt, that, in and of itself in your minds is sufficient to raise a reasonable doubt of said defendant's guilt, then the defendant would be entitled to the benefit of such reasonable doubt and it will be your duty to acquit him."

Defendant argues that the giving of this instruction was reversible error, as the instruction violated the rule that the accused is not required to prove his innocence. The contention is without merit. The instructions as a whole well state that the burden of proving defendant's guilt is on the prosecution. Furthermore, the record reveals that the instruction complained of was given at defendant's own request. Even if the court had committed error in giving this instruction, defendant cannot complain on appeal of an instruction given at his own request. (*People* v. *Williams,* 128 Cal.App. 2d 458 [275 P.2d 513].)

No prejudicial error appearing in the record before us, the judgment must be affirmed.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.