[Crim. No. 990.    Department One.—October 17, 1903.]

THE PEOPLE, Respondent, v. GEORGE FARRINGTON, Appellant.

CRIMINAL LAW—DELAY IN FILING INFORMATION—MISTAKE OF ONE DAY —DENIAL OF MOTION TO DISMISS PROSECUTION—DISCRETION— SPEEDY TRIAL.—A delay of one day beyond the thirty days allowed after the defendant has been held to answer, which was owing to a natural mistake of the district-attorney caused by an error of the official reporter in stating the date of the preliminary examination, is sufficiently excused to justify the discretion of the court in denying a motion to dismiss the prosecution for the delay, where it appears that the trial of the defendant took place within sixty days from the time when the crime was alleged to have been committed.

ID.—INSTRUCTION—POSSESSION OF STOLEN PRORERTY—CIRCUMSTANCES —MATTER OF FACT—CORRECT RULE OF EVIDENCE.—An instruction as to the effect of the recent possession by the defendant of the stolen property as a circumstance tending to prove his guilt of the crime of grand larceny charged in the information, and detailing certain circumstances proper to be considered by the jury attending such possession, in determining how far the possession of the property by the accused, if proved, tends to show his guilt, conceding it to be objectionable as dealing with matters of fact, is not prejudicial, where it merely states a correct rule of evidence by which the jury ought manifestly to be guided, and which did not tend to mislead or confuse them.

ID.—EFFECT OF EVIDENCE.—Where an instruction is given, and it states a rule, commonly characterized as a rule of law applying to the effect of evidence, and the rule is not subject to exceptions, or such exceptions as there may be are also correctly stated in the instruction, then, as the jury manifestly ought to be guided by the rule in their deliberations, even if they had not been so charged, this court will not consider the appellant harmed by the instruction, unless some circumstance peculiar to the particular case would make it tend to mislead or confuse the jury.

ID.—DEMEANOR OF ACCUSED—EFFECT OF INSTRUCTION.—The demeanor of the accused when found in possession of the stolen property or when he attempted to explain it, was proper to be considered by the jury, so far as disclosed by the evidence, and an instruction referring thereto as a circumstance proper to be considered, cannot be construed as intended to include the demeanor of the defendant as a witness at the trial.

ID.—CHARACTER OF ACCUSED—ABSENCE OF EVIDENCE—QUALIFICATION OF INSTRUCTION.—The allusion in the instruction to the character .of the accused as a circumstance to be considered, if proved, where there was no issue nor evidence as to his character, and where the instruction was expressly qualified to the effect that none of the circumstances mentioned were to be considered unless proved, is not to be considered as prejudicial, regardless of the question whether or not his character could in any case be held to affect the weight of the fact of possession of stolen property.

ID.—EVIDENCE—EXPLANATION OF POSSESSION—PARTIAL INTOXICATION.—The statements of the defendant in explanation of his possession of the money found upon his person were admissible against him; and the fact that he was then under the influence of liquor, does not affect its admissibility, where the character of the statement clearly indicates that he was not so much intoxicated as to be unconscious of the meaning and effect of his words.

ID.—CONDUCT OF DISTRICT ATTORNEY—EXAMINATION OF WITNESS—ABSENCE OF OBJECTION.—The objection that the district attorney should not have put questions to a witness in the manner in which he did cannot be considered, where no objection was taken at the time, either to the effect and competency of the evidence or to the manner of the district attorney in introducing it.

APPEAL from a judgment of the Superior Court of San Joaquin County. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

F. H. Gould, for Appellant.

U. S. Webb, Attorney-General, J. C. Daly, Deputy Attorney-General, and G. F. McNoble, Assistant District Attorney, for Respondent.

SHAW, J.—The defendant was convicted in the court below of the crime of grand larceny, and this is an appeal from the judgment of conviction.

The first error assigned by the defendant is the refusal of the court to grant his motion to dismiss the prosecution be-

cause of the failure of the district attorney to file an information within thirty days after the defendant was held to answer. The crime was committed on the twenty-first day of August, 1902. The preliminary examination took place on August 27, 1902, and the information was filed on September 28th of the same year. The trial began on October 14th. The Penal Code provides that when the information has not been filed within thirty days after the defendant was held to answer, the prosecution must be dismissed, "unless good cause to the contrary is shown." (Pen. Code, sec. 1382.) The cause shown in this case by the district attorney was, that the proceedings in the preliminary examination were taken down in shorthand by the official reporter, who wrote the same out in longhand, and delivered a copy to him, which he used in examining the case and preparing the information; that this copy, officially certified by the reporter, stated that the examination had taken place on the 28th of August, instead of the 27th, as the fact was, and that, being misled by this mistake in the date, he did not file the information until September 28th, believing that he had until that time to do so. The mistake of one day in giving the date of the preliminary examination and commitment was not an error of such striking character that it would of itself necessarily call the attention of the district attorney to the fact that it was an error. Under the circumstances the mistake was a natural one, and as the court below must be given some discretion in the matter, and in this case the trial took place within less than sixty days from the time when the crime was alleged to have been committed, we cannot say there was an abuse of discretion in this respect, or that the court erred in refusing to dismiss the prosecution.

It is urged that the fifth instruction given by the court is erroneous. It is as follows: "The court instructs the jury that the possession of stolen property recently after the commission of the alleged offense by the person charged, if you find any such property to have been in his possession, if unexplained, is a circumstance tending to prove his guilt, and if the jury believe from the evidence that the defendant was found with stolen property in his possession, if you find any was feloniously taken, then to determine the weight to be attached to that circumstance as tending to prove guilt, the

jury should consider all the circumstances attending such possession. Proximity of the place where found to the place of the alleged grand larceny; the lapse of time since the property was taken; the character and nature of the property taken; whether the property was concealed; whether the party denied or admitted the possession; and the demeanor and character of the accused; all of these circumstances, so far as they have been proved, are proper to be taken into account by the jury in determining how far the possession of the property by the accused, if it has been proved, tends to show his guilt.''

It is objected that this was an instruction upon the effect of evidence, and therefore transgressed the constitutional mandate that courts shall not charge juries with respect to matters of fact. Conceding it to be objectionable on that ground, it does not follow that it is error so serious as to require a reversal. The rule in such cases, where such an instruction is refused, is, that although it may state correctly an invariable rule of law relating to the effect of evidence, yet it is not error to refuse it, as under the constitutional provision courts are not required to give ·such charges. Where the instruction is given, and it states correctly a rule, commonly characterized as a rule of law applying to the effect of evidence, and the rule is not subject to exceptions, or such exceptions as there may be are also correctly stated in the instruction, then, as the jury manifestly ought to be guided by the rule in their deliberations, even if they had not been so charged, this court will not consider the complaining party harmed by the instruction, unless some circumstances, peculiar to the particular case, would make it tend to mislead or confuse the jury. No such circumstances appear in this case with respect to this aspect of the instruction, and it is therefore not injurious. The decision in *People* v. *Vereneseneckockockhoff*, 129 Cal. 497, is not contrary to this conclusion. The instruction there considered did not state a rule that had no exceptions.

The principal objection to the instruction is, that it directs the jurors that in determining the weight to be attached to the circumstance that the defendant had in his possession the stolen property recently after the commission of the alleged offense, they should consider, among other things, the de-

meanor and character of the accused. We think the jury could properly consider the demeanor of the accused. The instruction in this respect means the demeanor of the defendant at the time he was found in possession of the stolen property, or at the time he attempted to explain it, so far as the same is disclosed by the evidence. It is not susceptible of the meaning attempted to be given to it by defendant's counsel, —namely, that the jury must consider the demeanor of the defendant as a witness at the trial in determining how much weight they should give to the circumstance of his possession of the stolen property. The connection in which it occurs in the instruction does not warrant this meaning.

It is contended that the instruction is erroneous in directing the jury that they should consider the character of the defendant in connection with the circumstance of possession and in determining its weight. The character of the defendant was not put in issue, and no evidence on the subject was offered by either party. The court instructed the jury that they were the exclusive judges of the effect and weight of evidence, that none of the instructions was to be understood as expressing the opinion of the court upon any question of fact, and that every presumption of law was in favor of the innocence of the defendant. The instruction in question contains a qualifying statement to the effect that none of the circumstances mentioned as affecting the question of the weight to be given to the circumstance of recent, unexplained possession of the stolen property were to be considered unless they had been proved. As there was no character evidence before the jury, and they must be assumed to possess ordinary common sense and fair minds, the only reasonable inference is, that they obeyed the entire charge, and did not consider the fact of bad character of the defendant as one of the circumstances in the case, and that the defendant could not have been prejudiced thereby. In view of this conclusion, it is not necessary to decide whether or not character could in any case be held to affect the weight of the fact of possession of stolen property.

The sixth, seventh, eighth, and ninth instructions were framed upon the theory that there was some proof that the defendant was accessory before the fact. There was con-

siderable evidence to this effect, and therefore the defendant's contention that the instructions were not warranted by the evidence is not well taken.

The objection that the court erred in permitting the introduction of the statement of the defendant explaining his possession of the money found upon his person cannot be sustained. The objection was, that it should not have been allowed because it appeared that the defendant was drunk at the time he made the statement. There is an old proverb to the effect that drunken persons tell the truth, but, without applying that in this case, it appears that while the defendant may have been slightly under the influence of liquor, he himself claimed that he was "straight," and the character of the statement itself clearly indicates that he was not so much intoxicated as to be unconscious of the meaning and effect of his words. The statement was therefore properly admitted for the consideration of the jury.

The objection that the district attorney should not have put the questions to Stover in the manner in which he did cannot be considered, because there was no objection made at the time either to the effect and competency of the evidence or to the manner of the district attorney in introducing it.

There being no prejudicial error in the record, it is ordered that the judgment be affirmed.

Angellotti, J., and Van Dyke, J., concurred.