[Crim. No. 1003.   Third Appellate District.—January 24, 1928.]

THE PEOPLE Respondent, v. JAMES O'CONNOR, Appellant.

J. G. Bruton and J. H. Laugenour for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was convicted in the superior court of Yolo County of two offenses set forth in two separate counts in the information, to wit, the crime of burglary and the crime of robbery. He appeals from the judgment and the order denying his motion for a new trial.

The present appeals are the outgrowth of a second trial of the defendant for the two distinct charges set forth as stated.

At the first trial of the case the defendant was jointly charged with one Fitzgibbons for the crimes named and the two were jointly tried with certain other parties charged in a different information with participation in the commission of the same crimes, all the accused, except one, who pleaded guilty, being found guilty. Each of the convicted defendants appealed to this court from the judgment of conviction and the order denying a new trial to each. This court, in an opinion by Justice Plummer, reversed the judgment and the order entered in the case of O'Connor (the appellant here) and Fitzgibbons, and remanded the cause for a trial *de novo*. (*People* v. *O'Connor*, 81 Cal. App. 506 [254 Pac. 630].)

The single point submitted here for determination involves the proposition, advanced by defendant, that the trial court committed error in its refusal to grant the motion of defendant to dismiss the prosecution on the ground that the defendant was not brought to trial within sixty days after the *remittitur* from this court, certifying to the reversal by this court of the judgment and the order, was filed with the clerk of the court below. The motion was founded on section 1382 of the Penal Code. Said section provides:

"The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense, if an indictment is not found or an information filed against him, within thirty days thereafter.

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information."

A motion similar to the one with which we are here concerned was made in behalf of Edward Brock, who, though not proceeded against in the same information in which the defendant herein was informed against, was, nevertheless, charged with precisely the same offenses—that is to say, that the two defendants named were accused of having com-

mitted, jointly with certain other parties, the two offenses above mentioned, but by two different and distinct informations. The appeals growing out of the second trials of both Brock and O'Connor were submitted to this court for decision at its December (1927) term. In the Brock case an opinion by Justice Plummer affirming the judgment and the order was handed down by and filed in this court on December 15, 1927. (*People* v. *Brock,* 87 Cal. App. 601 [262 Pac. 369].) The papers, files, affidavits, and other documentary evidence introduced and used at the hearing of the motion to dismiss the prosecution against the defendant here and upon which the court below predicated its order denying the motion to dismiss as to said defendant were exactly the same as those introduced and used in the case of Brock and upon which the refusal to dismiss the prosecution as to him was based. In the case of Brock, it may be stated, there were questions involved and passed upon by this court in the opinion by Justice Plummer besides the single question presented here, viz.: Whether the court below erred in making the order refusing to dismiss the prosecution on the ground heretofore stated. In the opinion by this court in the case of Brock, on his second or last appeal, the facts alleged in the affidavits and disclosed by other documentary evidence thus presented by the People to show "good cause" for the delay in bringing said defendant to trial, and which affidavits and other documentary evidence were used at the hearing of the said motion in both cases, are comprehensively set forth. It is, therefore, not necessary to repeat in detail herein the facts which were brought out at the hearing of said motion on behalf of O'Connor for the purpose of the showing of "good cause" for the delay in bringing him to trial within the time which it is claimed section 1382 of the Penal Code contemplates in such a situation as is presented here. A mere skeleton statement of the facts, however, as they are fully stated in the Brock opinion may well be given herein.

The *remittitur* from this court certifying to the reversal of the judgment on the first appeal of the cases of the defendants was filed in the office of the clerk of the trial court on the second day of May, 1927. Brock was not brought to trial until the sixth day of July, 1927, or four days beyond the sixty days after the filing of the *remittitur* in the

office of the clerk of the court below. The defendant here was not brought to trial until the eighth day of July, 1927, or six days beyond the sixty days after the date of the filing of the *remittitur* below. So far as the facts are concerned, the only difference between the two cases is in the fact that Brock was brought to trial two days earlier than was O'Connor. This circumstance, it may be explained, was due to the fact that, as seen, the two defendants, although charged with the commission of the same two offenses of which they were adjudged guilty by the jury, were, for some reason, proceeded against by two separate and distinct informations, and were separately tried, and necessarily so under our law. (*People* v. *O'Connor*, 81 Cal. App. 506 [254 Pac. 630].) Referring now in somewhat of a general way to some of the facts developed at the hearing of the motion, it appears that Neal Chalmers, Esq., a practicing lawyer at Woodland, the county seat of Yolo County, was one of the lawyers who defended in court the defendants at the first trial of their case; that, subsequently to said trial, said Chalmers was elected to and inducted into the office of district attorney of the county of Yolo; that he was the incumbent district attorney when the defendants were brought to trial for the second time or after the conviction of the accused at the first trial was reversed by this court. Under those circumstances, Mr. Chalmers conceived, and, of course, properly so, that he was, by reason of his official position, disqualified from either defending or prosecuting the defendants. The situation thus arising naturally called for the interposition of the attorney-general of the state, he having been informed thereof, to the end that he might make preparation or arrangements for the trial of the cases on behalf of the People. Upon being apprised of the disqualification of the district attorney to prosecute the cases against the defendants, the attorney-general immediately took steps looking to the employment of a member of the Yolo County bar to act in the place and stead of the district attorney and take charge of the prosecution of the cases on behalf of the People. After considerable correspondence between the attorney-general and Mr. Chalmers, and also between the attorney-general and Arthur B. Eddy, Esq., an attorney and a resident of Woodland, Yolo County, the services of the latter as the prosecutor of the cases were ob-

tained. The correspondence referred to and the negotiations between the attorney-general and Mr. Eddy for the retention of the latter to act as the legal representative of the People in the trial of the cases required considerable time and necessarily contributed materially to the delay in bringing the cases to trial. Mr. Eddy, upon accepting the appointment by the attorney-general to appear and prosecute the cases for the People, not being familiar with the facts of the cases, was required to look into and examine the evidence introduced in the former trial of the cases, and this required time. It further appears that, beginning in the month of May, 1927, and continuing through the month of June of that year, the regularly elected judge of the superior court in and for the county of Yolo, Hon. W. A. Anderson, was, by order of the chief justice of the supreme court and chairman of the state Judicial Council, exercising the power conferred by law on that judicial officer, under assignment to preside and hear and try cases in certain departments of the superior courts in and for the counties of San Diego, Los Angeles, and Sacramento; that during that period of time Judge Ernest Weyand of the superior court of Colusa County and Judge Malcolm C. Glenn of the superior court of Sacramento County, were assigned to the Yolo County court at different times, the record disclosing that a large volume of legal matters came before and were disposed of by them. The opinion of Justice Plummer, in disposing of the second appeal in the case of Brock, sets forth the various proceedings coming before and heard by Judges Weyand and Glenn during the period mentioned, and the approximate time required and consumed in disposing thereof with sufficient fullness to show that the time of the Yolo court was then occupied with a large volume of important work, and also that said judges were required in the intervals of time between the dates on which they presided therein to attend to certain like duties in the courts of their own respective jurisdictions. For more specific details regarding those matters, we refer to the said opinion.

In view of the full examination of the record in the opinion in the Brock case disclosing the showing of ''good cause'' for the delay in bringing the two defendants to trial within the sixty-day period mentioned, we have now pro-

ceeded herein in that particular as far as it is deemed necessary for the purposes of the decision herein.

Undoubtedly, the showing of "good cause" for the delay in bringing the defendant O'Connor to trial within the sixty-day period beginning with the filing with the clerk of the court below of the *remittitur* certifying to the reversal on the first appeal of the judgment and order, is such as to require this court, as in the Brock case, to leave the decision below on the motion to the discretion of the trial court. Indeed, we may rest the decision here on the decision in the Brock case, since upon the same record or the same facts the motion in each case was heard and determined. In the Brock case it is pertinently said: "Under these circumstances, as stated in the case of *People* v. *Farrington*, 140 Cal. 656 [74 Pac. 288], the trial court was called upon to exercise its discretion as to whether good cause had or had not been shown for the delay of five days after the sixty-day period had expired, in bringing the defendant to trial, and as stated in the case just cited, some discretion must be given to the trial court in its decision relative to the motion to dismiss. This discretion, however, cannot be exercised arbitrarily, but is to be based upon all the circumstances and facts presented to the court to account for the few days' delay."

The opinion cites a number of cases in which it is held, upon a showing of good cause for the delay no stronger than that presented herein and in the Brock case, that the trial court's denial of the motion represented a proper exercise of its discretion in such matters.

What has been said herein is not to be taken to imply an expression of an opinion by us upon the question whether the provision of section 1382 of the Penal Code prescribing the period of time within which a defendant in a criminal case must be brought to trial after the date of the finding of an indictment or of the filing of an information against him is to be accepted as fixing the period of time within which the defendant, having been once convicted and the conviction set aside on appeal, must be brought to trial after the *remittitur* from a reviewing court, certifying to the reversal, is filed with the clerk of the trial court. This statement is made because the attorney-general, claiming that

under our decisions there is much uncertainty as to what the correct rule is in a situation such as is presented here, has asked for a consideration of the proposition here, and advances what we regard as a very forceful argument that, in such a case as this, the time limit should not, by analogy to the provision of section 1382, be definitely fixed at sixty days after the *remittitur* has been filed with the clerk of the court below; that in such case the decision of the question whether the delay in bringing the defendant to trial after the *remittitur* has been filed with the clerk of the trial court is such as to offend the mandate of the constitution (art. I, sec. 13), that ''in criminal prosecutions, in any court whatever, the accused party shall have the right to a speedy and public trial,'' should rest in the sound legal discretion of the trial court upon the facts and circumstances of each case. There are decisions upon the proposition both ways. In *People* v. *Giesea*, 63 Cal. 345, and *People* v. *Lundin*, 120 Cal. 308, 311 [52 Pac. 807], it was held that the provision of section 1382 of the Penal Code requiring an accused to be brought to trial within sixty days after the finding of an indictment or the filing of an information against him ''does not apply to cases where a defendant has appealed to this court and had his case sent back for a second trial.'' See, also, *Ex parte Newell*, 188 Cal. 508 [206 Pac. 61], which, while not directly passing upon the question, discusses the principle involved therein. The latest case in which the question was considered and a conclusion reached that section 1382, in so far as it relates to the time within which an accused must be brought to trial, applied to such a situation as is presented here, is *In re Begerow*, 133 Cal. 349 [85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828]. In that case Justices McFarland and Garoutte dissented from the conclusion arrived at by the majority of the court, while Justice Harrison did not participate in the decision. So, as is said in *People* v. *Walker*, 76 Cal. App. 192 [244 Pac. 94], by Presiding Justice Finlayson: ''Whether section 1382 can have any possible application after there has been a judgment of reversal and a second trial has been ordered is a question respecting which there possibly may be some room for doubt under the language of some of the decisions of our Supreme Court.''

The question should, of course, be definitely and definitively settled, in a proper case, but, as shown above, it is not necessary to pass definitely upon the proposition in this case, hence we do not undertake so to decide it here or intend the remarks made in this opinion respecting the question to be construed as reflecting the views of this court thereon.

For the reasons first hereinabove given, the judgment and the order appealed from are affirmed.

Finch, P. J., and Plummer, J., concurred.