[Crim. No. 4934.   Second Dist., Div. One.   May 13, 1953.]

THE PEOPLE, Respondent, v. JAMES L. BLETSON, Appellant.

Eleanor V. Jackson for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was convicted of attempted burglary of an apartment occupied by Mr. and Mrs. Roy W. Elliott, and admitted prior convictions of grand larceny in 1934, of indecent liberties and assault with intent to commit robbery in 1937, and of burglary in 1945. The building in question was a two-story house located at Hobart Boulevard and 30th Street in Los Angeles, the first floor being occupied by Mr. and Mrs. Elliott. The second floor contained three apartments, one of which was occupied by a Mrs. Hyde. ·At the rear of the house was a window which opened into the Elliott apartment, and below the window was a wood box, 5 feet 6 inches high. A stairway extended down beside the wood box from the second story.

On the night in question, July 2, 1952, Mr. and Mrs. Elliott had retired. Both were hard of hearing and knew nothing about the attempted burglary until the next morning. The window was previously unbroken and so stuck with paint that it would not open. Mrs. Hyde arrived at the second-floor apartment about 11:30 p. m. and shortly thereafter heard the doorbell ring twice. This was followed by a crash of glass whereupon Mrs. Hyde called the police. Another crash of

glass was heard just about the time the police arrived. George Harris, walking along the other side of 30th Street, noticed a person standing on a platform between a stairway and a window at the rear of a house across the street; the sound of breaking glass was heard, and a squad car containing police officers arrived.

Officers Fuller and Chinnis arrived on the scene about 11:30 to 11:50 p. m. in response to a call, and upon reaching the intersection, heard the breaking of glass. Chinnis saw a man on top of the wood box facing the window and ordered the defendant to come down. Defendant said, ''Give me a break,'' but was handcuffed and put in the police car from which an escape was attempted, defendant falling down across the street and being then returned to the car. There is testimony that Bletson stated, ''If you guys will let me go I will give you a thousand dollars''; that ''I have done a lot of time in the pen. I am going to get out of this if I have to lie out''; and that ''if I had had my gun with me I would have killed both of you guys as you came up.''

The defendant, who resided in a house diagonally across the intersection from the Elliott home, denied being on the Elliott property, and claimed to be going to a store when arrested. There were no weapons or burglary tools found in defendant's possession, defendant's hands were not cut, and it was not known what instrument was used in breaking the window.

It is appellant's contention that ''The evidence adduced at the trial was insufficient to support the verdict,'' in that ''The evidence was weak and conflicting with regard to the commission of any offense by the appellant and should be held, therefore, to be insubstantial.'' In this connection appellant calls attention to certain conflicts and alleged inconsistencies in the arresting officers' testimony; that appellant possessed no burglary tools nor were his hands. cut; that no one saw defendant break the window, and that there was no evidence showing that a felonious intent existed.

The rule is well settled, as stated in *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778], that an appellate court ''will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt.'' If the circumstances reasonably justify the verdict, ''the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not

734

warrant interference with the determination of the jury."

■   The reviewing court "must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence."

■   Applying the above stated rules to the present situation, it cannot be doubted that the evidence reflected by the record affords a substantial basis for the conviction. The crash of window glass accompanied by appellant's observed presence on a box at the broken window, coupled with the attempted escape and appellant's various statements to the arresting officers furnished substantial material from which a jury could return a verdict of conviction. Moreover, it is difficult to see what innocent intention could be reasonably inferred under such circumstances. The attempted escape and the offering of a bribe to be released are facts from which a consciousness of guilt may well be inferred.

■   Reversible error is predicated upon the trial court's failure to give the jury instructions on circumstantial evidence. Various cases are cited in which a failure to give such instructions has been deemed prejudicial error, particularly where there was but slight circumstantial evidence of guilt. However, as pointed out in respondent's brief, such is not the situation in the instant case. A failure to give such an instruction is not necessarily fatal. Direct evidence placed the appellant in such an incriminating situation at almost the very moment that the window was broken, that there is no reason to believe that a different verdict would have been returned had the requested instruction been given. Corroborating circumstances including the attempted escape and bribery offers necessarily reinforce this conclusion. Whatever may be the situation in other cases, in the present prosecution the failure to give the instruction in question cannot be deemed prejudicial.

■   The same may be said in respect to appellant's assignment that there was reversible error in the court's failure "to give instructions on lesser and necessarily included offenses." Appellant insists that an instruction should have been given in respect to Penal Code, section 602, relating to wilful trespass. Appellant admits that the trial court's attention was not directly called to this matter but contends that the court was put on notice by a request to give, by number only, a CALJIC instruction relating to included offenses but mentioning no specific crime. If error there was

in this connection, it must be deemed harmless in the present case.

■ Finally, it is contended that the trial court erred in refusing to give a cautionary instruction concerning testimony of the police officers, ''where the testimony of such officers was in conflict with each other as well as in conflict with physical facts.'' Appellant's brief then points out certain discrepancies in the officers' statements as to the exact time and place when the police call was received, the time and place where the crash of glass was heard, and the view which the officers had of the defendant standing in front of the broken window. As respondent's brief points out, the jury was instructed on such matters as weight of evidence, impeachment, and reasonable doubt, and the inconsistencies mentioned did not concern any vital element of the crime. No miscarriage of justice is apparent.

The judgment is affirmed.

White, P. J., concurred.

A petition for a rehearing was denied May 25, 1953, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1953.