[Crim. No. 5072.   Second Dist., Div. Three.   Feb. 9, 1954.]

THE PEOPLE, Respondent, v. ALBERT JOSEPH KOSTAL, Appellant.

Albert Joseph Kostal, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant Kostal was accused of robbery while armed with a deadly weapon by indictment which alleged that he had previously been convicted of robbery and had served time therefor. He pleaded guilty to the former conviction and, in a jury trial, was found guilty of armed robbery. He appeals from the judgment and an order denying his motion for a new trial.

Defendant was represented by counsel at the trial, but represents himself on the appeal. His principal contention is that he was not sufficiently identified as one of the two men who committed the robbery. His other points relate to matters as to which no objection was registered during the trial.

There was testimony of the People's witnesses of the following facts: At about 11:20 on the morning of November 21, 1952, Harry LaVogue, accompanied by Wendell Miller, parked a car behind the Kozy Korner Kafe in Los Angeles where LaVogue was manager and bartender. As they started to get out of the car a man walked around the corner of the building and accosted Miller and LaVogue. He drew a revolver, demanded money, and ordered them to unlock the back door and go into the office. He wore dark glasses, a nautical-type hat with a bill, and a tan suede or khaki jacket, the collar of which was turned up. Miller and LaVogue said they had no money. The man tore open LaVogue's jacket and removed $4,129 from his shirt. The cook for the establishment then began to emerge from the back door. The robber pointed the revolver at him and ordered him back inside. He then backed away from Miller and LaVogue and went to a green 1940 Chevrolet sedan parked in the street about 60 feet from the rear of the café. Another man was waiting at the wheel of the Chevrolet. Defendant got in the car and the two men drove away. LaVogue hailed a passing police car which unsuccessfully gave chase. At about 11:30 the same morning, one Franklin and defendant, who still wore the described cap and jacket, but not the dark glasses, parked the Chevrolet near 2330 Griffin Avenue, trotted a short distance down the street, entered defendant's green 1948 Cadillac sedanette, which was parked at the curb, and drove away. On the trial defendant did not dispute the fact that he owned a green 1948 Cadillac sedanette.

On the day of the robbery the sun shone brightly. The evidence tending to identify defendant as the man who robbed

LaVogue of his money was as follows: LaVogue testified that he had been shown pictures of defendant following the robbery and had been told that defendant was the man who robbed him, but that nevertheless he could identify defendant from his own recollection. Miller, LaVogue's companion, identified defendant as the man who robbed LaVogue. A waitress who looked through a rear window of the café as the robber was leaving testified that he was no more than 10 feet from the window at one time and that defendant resembled the man she saw leaving the scene. The cook, who was standing behind a screen door at the rear of the Kozy Korner Kafe when the robber ordered him back inside, identified defendant as the robber. Mrs. Wandalyn Raich testified that she saw defendant and another man drive a green Chevrolet sedan to the curb near 2330 Griffin Avenue, get out and trot over to a green Cadillac and drive away in it. The men passed her on the sidewalk as they made their way to the car, and she was about 10 feet from it when they entered it. She testified that defendant wore a cap the description of which coincided with that given by Miller and LaVogue and that the jacket worn by defendant when she saw him was khaki. She testified that defendant was not wearing dark glasses. When the police located the Chevrolet about a half hour later they found inside it a pair of dark glasses, a loaded .38 revolver, three shotgun shells and several paper coin wrappers. When defendant was arrested on December 24th he had on his person $435, $300 of which was in fifty dollar bills. In his car was found approximately $300, almost entirely in the form of packets of one and five dollar bills. Defendant had been released from the state prison in July, 1952, and during the months between July and the time of his arrest the highest wage he had earned was $65 per week and meals. Defendant explained his possession of this money by stating that in his spare time he bought watches at wholesale and sold them in bars, ice cream parlors and lunch stands, and that he had needed the cash to finance his business.

One John Leon Crane testified on behalf of defendant that it was he and Franklin who committed the robbery. Witnesses Miller, LaVogue, Sydow and Williams testified Crane was not one of the robbers. Mrs. Raich testified he was not one of the men she had seen get out of the Chevrolet. The testimony of Crane was to be weighed by the jury with the contrary evidence. It furnishes no ground for disturbing the

judgment. (*People* v. *McClain,* 115 Cal.App. 505 [1 P.2d 1085].)

The contention that the testimony of the identifying witnesses was incredible is unfounded. (*People* v. *Lindsey,* 90 Cal.App.2d 558, 563 [203 P.2d 572].) Also untenable is the claim that the testimony of those witnesses was legally insufficient to prove that he was one of the robbers. (*People* v. *Whitson,* 25 Cal.2d 593, 604 [154 P.2d 867].)

It is claimed that the deputy district attorney was guilty of misconduct in asking leading questions of the identifying witnesses. No objection was made to the questions, nor was there any assignment of misconduct. The objection may not be made for the first time on appeal. (*People* v. *Farrington,* 140 Cal. 656 [74 P. 288].) Moreover, even if some of the questions were leading, this would not establish misconduct in the absence of any indication that they were not asked in good faith and without intention to take an unfair advantage.

There is no merit in the point that the gun and the money were improperly introduced in evidence. No objection was made when they were offered. The point may not now be raised. (*People* v. *Louie Foo,* 112 Cal. 17 [44 P. 453] ; *People* v. *Boyd,* 67 Cal.App. 292 [227 P. 783].)

There are no other assignments of error which merit discussion.

The judgment and the order denying defendant's motion for a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied February 24, 1954, and appellant's petition for a hearing by the Supreme Court was denied March 10, 1954.