[Crim. No. 2625.   Third Dist.   Oct. 17, 1956.]

THE PEOPLE, Respondent, v. FRANK SMITH,
Appellant.

Frank Smith, in pro. per., and Ralph D. Drayton, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—Appellant was tried and convicted upon an information charging him with three counts of bur-

glary of the second degree and with a prior conviction of a felony in respect to each count. This is an appeal from the judgment entered upon the jury's verdicts and from the order denying a motion for a new trial.

Appellant contends that, as to count three of the information, the McCurdy incident, the judgment and order must be reversed as the evidence is insufficient to establish the corpus delicti. He contends further that all three convictions should be set aside because the trial court erred in failing, upon its own motion, to instruct upon the defense of alibi. These contentions cannot be sustained.

The record shows that when appellant was arrested on the evening of January 6, 1955, he had upon his person certain photographs and an address book which proved to be the property of one Jack McCurdy, whose premises appellant, by count three of the information, was charged with having unlawfully entered with intent to commit theft therein. Mr. McCurdy identified the photographs and address book as his and testified that after he retired on January 1, 1955, they had been taken from his bedroom without his knowledge or consent. Mr. McCurdy's testimony was that when he went to bed that evening he placed his trousers on a nightstand in the room in which he slept. At that time his wallet, containing the photographs and address book, was in the back pocket of his trousers. The next morning when he arose he found his trousers outside the house and the wallet and its contents missing. Appellant was shown to have made conflicting statements as to how he came by the articles found in his possession.

Appellant argues that the missing articles could have been removed by someone who made a lawful, rather than an unlawful, entry into the bedroom which Mr. McCurdy and his brother shared and that there is no proof that there was an entry made with a felonious intent. It is true that during the night in question other occupants of the house could have legally entered the room through the unlocked door which opened on the back porch. In fact, Mr. McCurdy's brother did so when he returned home and went to bed in the room which the two shared in their parents' home. However, it was for the jury to determine the nature of the entry made when the articles were taken and the intent with which it was made. Mr. McCurdy testified that he had given no one permission to take his photographs and address book which were found in appellant's possession. There was no evidence that they were removed by Mr. McCurdy's brother or any other

member of his family. Therefore, the jury could, and impliedly did, find that the corpus delicti was sufficiently proved (*People* v. *Kross,* 112 Cal.App.2d 602, 609 [247 P.2d 44] ; *People* v. *Dodson,* 77 Cal.App.2d 389 [175 P.2d 59] ) ; and that the appellant entered Mr. McCurdy's room with felonious intent. (*People* v. *Dillon,* 1 Cal.App.2d 224, 227-228 [36 P.2d 416].) █ Likewise, it could be found that appellant stole the property found in his possession and concerning the acquisition of which he made conflicting statements. (*People* v. *Buratti,* 96 Cal.App.2d 417, 419 [215 P.2d 500] ; *People* v. *Morris,* 124 Cal.App. 402, 403-405 [12 P.2d 679] ; *People* v. *Russell,* 120 Cal.App. 622, 625-626 [8 P.2d 209].)

█ The fact that the evidence was circumstantial and that appellant's only defense was alibi did not require the trial court to instruct the jury on such special defense, as no request therefor was made. (*People* v. *Whitson,* 25 Cal.2d 593, 604 [154 P.2d 867] ; *People* v. *Freeman,* 135 Cal.App.2d 11 [286 P.2d 565] ; *People* v. *Williams,* 128 Cal.App.2d 458 [275 P.2d 513].)

The judgment and the order are affirmed.

Peek, J., and Schottky, J., concurred.